IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CRIMINAL NO. DLB-23-0184 |
| | : |
| YURI LEVCHUK, | : |
| | : |
| Defendant. | : |
| | : |

...oOo...

**PROTECTIVE ORDER**

Having read and considered the government's Motion for Protective Order, as well as the response submitted by the defendant, it is this 6th day of September, 2023; ORDERED, that the Clerk of the Court shall place on the public docket a version of this Protective Order with the name of Company A and the name and contact information of its counsel, which are set forth in paragraphs 2(e), 5(a), (b) and (d) below, REDACTED; and it is further

ORDERED as follows:

1. The government shall provide defense counsel a copy of the discovery materials that it believes may contain any suspected trade secrets, confidential and proprietary information, and/or contraband contained therein ("the discovery materials"). The government shall mark those discovery materials as CONFIDENTIAL.

2. Defense counsel and their office staff (collectively "the defense") and the defendant shall maintain the discovery materials, including any copies, as follows:

    a. The defense and the defendant shall use the discovery materials solely and exclusively in connection with this case (including investigation, trial

1

        preparation, trial, and appeal), and not for any commercial or other purpose.

b.     Copies of the discovery materials shall be maintained by the defense at their office in a locked room and on one or more computers that are not connected to the Internet. Defense counsel and any defense investigator who has assented to this Protective Order also may maintain the materials on one or more secure, password protected laptop computers that are connected to the Internet, provided that only defense counsel and the investigator have access to those devices.

c.     A copy of this Protective Order shall be kept with the copies of the discovery materials at all times.

d.     The only people who may view the discovery materials are the defense, the defendant, and any experts designated by the defense and fact witnesses (as detailed below in Paragraph 5 below). The defendant and any fact witness may access and view the discovery materials solely under the supervision and control of counsel or an investigator of the Federal Public Defender's Office who has assented to this Protective Order. The defendant and any fact witness may not possess, have access to, or use any electronic devices, including cameras and devices capable of recording images or sounds, while reviewing the discovery materials. The defendant and any fact witness may access and view the discovery materials solely in the office of defense counsel.  If the defense determines that the restriction

on viewing the discovery materials only at the Federal Public Defender's Office creates a perceived hardship with respect to any particular fact witness, it may seek a modification of the restriction with respect to that fact witness, and the government will be free to oppose any such request. The defendant and any fact witness may take notes regarding the discovery materials only at defense counsel's office and may not take those notes or copies of those notes away from defense counsel's office.

e. In no event shall the defense or the defendant disclose or describe any of the discovery materials to any other person or entity other than to an Assistant United States Attorney to be designated by the government ("the designated AUSA"), ▇▇▇▇▇▇▇▇▇▇ or this Court.

f. Should the defense or the defendant need to disclose or describe any of the discovery materials to this Court, it shall do so under seal. Should the defense or the defendant need to disclose or describe any of the discovery materials to any other court or during any other legal proceedings, it shall do so only with notice to the government and after gaining permission from this Court.

g. No person shall view or have access to the discovery materials until certifying that they have read, understand, and agree to the terms of this Protective Order and have manifested their assent to be bound thereby, and to be subject to the jurisdiction of the Court for the purpose of proceedings relating to the performance under, compliance with, or

violation of this Protective Order, by signing a copy of the attached "Acknowledgement of Stipulated Protective Order." A copy of each signed acknowledgement shall be provided to the designated AUSA.

3. The designated AUSA will have no involvement in the investigation or prosecution of this case, except for the purpose of representing the government with respect to any issues or disputes that may arise in connection with the procedures set forth in Paragraph 5 below.

4. Neither the designated AUSA nor the victim company may disclose to the prosecution team the identities of any witness or expert that the defense discloses to them pursuant to this Protective Order.

5. The defense and the defendant may describe or provide copies of the discovery materials to any expert retained by them, whether testifying or non-testifying, and they may describe or show copies of the discovery materials to any fact witness, but only if:

   a. The defense and the defendant disclose the expert's identity and resume or the fact witness' identity to the designated AUSA and ▮▮▮▮▮▮▮▮ 14 days beforehand. Notices shall be sent by e-mail to the designated AUSA and to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. If either the designated AUSA or ▮▮▮▮▮▮▮▮ objects during this 14-day period, the defense and the defendant shall not disclose the discovery materials to the identified expert until this Court rules on the objections and the defense's response.

b. Any objections made by ▮▮▮▮▮▮ or the designated AUSA must be filed under seal, and may not be provided to the prosecution team.

c. Any expert retained by the defense or the defendant shall not use the discovery materials for any commercial or other purposes.

d. It is the government's position that the defense and the defendant may not employ an expert who works as a consultant, employee, officer, owner, or agent of a competitor to ▮▮▮▮▮▮  In the event that the government and the defense are unable to agree as to whether a proposed expert falls within one of those categories, the dispute may be brought to the Court's attention by way of a motion. These restrictions may be modified only for good cause shown on motion to this Court.

e. The expert must execute the Acknowledgement of Protective Order, and by doing so, agree to maintain the discovery materials in accordance with the above procedures as if they were members of the defense and solely for the purposes of assisting the defense in this case, and not for any commercial or other purpose.

f. The procedures outlined above shall govern the expert's use, maintenance, disclosure, and safekeeping of the evidence, except that the expert may maintain the discovery materials at their offices, but only under the same secure conditions provided above.

g. The fact witness must execute the Acknowledgment of Protective Order and by doing so, agree not to share, disclose or use the discovery information for any commercial or other purpose.

6. Defense counsel shall keep an up-to-date list of all counsel, staff, experts, and fact witnesses who have accessed the discovery materials or had any aspect of the materials described to them.

7. Defense counsel shall promptly notify the designated AUSA and this Court if any discovery materials are disclosed to anyone not designated by this Order or further order of the Court, either intentionally or unintentionally. The defendant and any defense experts and fact witnesses shall promptly notify defense counsel of any such disclosures.

8. At the end of these proceedings, including any appeal or post-conviction criminal proceedings, the defendant, the defense, and the defense experts shall return the discovery materials and any copies to the government. Defense counsel may retain or destroy any notes made by the defendant, the defense, defense experts and fact witnesses.

9. While this Protective Order governs pretrial discovery, the parties contemplate that an additional order shall cover disclosure during any potential trial.

10. Violation of this Protective Order may be punishable by contempt of court, whatever other sanction the Court deems appropriate, and/or any other legally available sanctions.

11. The defense reserves the right to challenge the designation of discovery materials as confidential, provided that the parties first attempt to negotiate the issue in good faith prior to raising the issue with the Court.

12. This Protective Order may be modified for good cause shown on motion to this Court.

_____
Hon. Deborah L. Boardman
United States District Judge

## ACKNOWLDGEMENT OF PROTECTIVE ORDER

The undersigned acknowledges that he or she has received a copy of the Protective Order in *United States v. Levchuk*, Criminal Case No.DLB-23-0184, has read, understands, and agrees to its terms, and hereby submits to the jurisdiction of the United States District Court for the District of Maryland for the purposes of enforcement of the terms of the order and the punishment of any violations.

Date: _____

_____
Name

_____
Street Address

_____
City, State, Zip

_____
Telephone Number

_____
Email