**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. LKG-23-0184** |
| | * | |
| **YURI LEVCHUK,** | * | |
| | * | |
| **Defendant.** | * | |
| | ******* | |

**PARTIES' JOINT MOTION TO EXCLUDE TIME
PURSUANT TO THE SPEEDY TRIAL ACT**

The United States of America, by and through its undersigned attorneys, hereby submits

this Joint Motion to Exclude Time Pursuant to the Speedy Trial Act, and states as follows:

1.      On May 18, 2023, a federal grand jury in the District of Maryland returned an

Indictment charging the Defendant with one count of theft of trade secrets in violation of 18

U.S.C. § 1832(a)(1) and one count of unauthorized possession of trade secrets in violation of 18

U.S.C. § 1832(a)(3).  The Defendant had his initial appearance and arraignment on May 19, 2023,

and he is on release pending trial.

2.      To date, the Court has granted eleven prior Motions to Exclude Time Pursuant to

the Speedy Trial Act.  As a result, the period between May 19, 2023, and May 4, 2026, has been

excluded from the calculation of the time in which the Defendant must be tried.  ECF 15, 21, 25,

29, 34, 36, 40, 46, 48, 57, 78.

3.      This is an extremely complex case involving allegations of the theft of trade secret

computer source codes and other information, voluminous discovery, and nuanced expert and

legal issues. The discovery includes, but is not limited to, more than 500,000 electronic files

relating to artificial intelligence computer technology and other highly specialized matters. To

1

date, the government has produced more than 20 terabytes of electronic discovery of data pursuant to a Protective Order issued by the Court on September 6, 2023.

4.      Mr. Levchuk's defense counsel has changed over time.  Assistant Federal Public Defender (AFPD) Shari Derrow represented Mr. Levchuk originally, from approximately May 2023 until March 2024, when she left the Office of the Federal Public Defender for other employment. *See* ECF 12, 32. AFPD Douglas Miller represented Mr. Levchuk from approximately March 1, 2024 until April 2, 2025, when he, too, left the Office of the Federal Public Defender for other employment.  *See* ECF 32.  AFPD Jonathan Hettleman entered his appearance for Mr. Levchuk on June 6, 2024, ECF 37, and he has been working diligently to review discovery, confer with the Defendant, and prepare for trial since that date.

5.      In addition, the parties have been discussing the potential of resolving the case short of trial.  To that end, on March 11, 2025, the parties met for a "reverse proffer" during which government counsel presented defense counsel with a summary of evidence the government believes supports the charges in the case.

6.      On May 16, 2025, the court held a telephonic status conference with the parties. ECF 66.  In consultation with the parties, the court set in a trial date of May 4, 2026.  ECF 65. The court also granted the parties' consent motion to toll speedy trial through the scheduled trial date.  ECF 78.

7.      On December 22, 2025, the defense filed a consent motion to continue the trial date and all pre-trial deadlines in order to allow the parties to continue to engage in productive plea discussions. ECF 86.  The court granted that motion on December 29, 2025.  ECF 87.  Since that time, the parties have been engaged in productive plea discussions, and the parties believe they are close to reaching a resolution.  If plea negotiations fail, and this case proceeds to trial,

2

the defense anticipates needing additional time to prepare for trial.

8. As such, the parties desire an exclusion of time to enable defense counsel to allow the parties to continue to engage in productive plea discussions, and, if necessary, prepare for trial. Specifically, the parties are seeking an additional exclusion of 45 days from **May 7, 2026, through and including June 18, 2026**, for these purposes.

9. The Speedy Trial Act provides: "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1).

10. The Act excludes "any period of delay resulting from a continuance granted . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Among the factors a court must consider in granting such a motion is whether failure to grant a continuance would result in a "miscarriage of justice"; "[w]hether the case is so unusual or so complex …that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits …"; and whether failure to grant a continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. §§ 3161(h)(7)(B)(i), (ii) and (iv).

11. In addition, the 70-day period within which trial must commence excludes "[a]ny period of delay resulting from other proceedings concerning the defendant, including but not

3

limited to" "delay resulting from any pretrial motion" or "delay resulting from consideration by the court of a proposed plea agreement." *See* 18 U.S.C. § 3161(h)(1); *see also United States v. Hart*, 91 F. 4th 732 (4th Cir. 2024) (although time spent engaging in plea negotiations is not automatically excluded under the Speedy Trial Act, it may be excluded based on an ends-of-justice finding by the court).

12.     In light of the foregoing, the parties submit that the ends of justice will be served by a reasonable continuance of the speedy trial date and that a continuance outweighs the interests of the defendant and of the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). As detailed above, the grounds for a reasonable continuance include (1) the need to allow additional time for the parties to engage in productive plea discussions, and (2) if those plea discussions fail, the need to allow additional time for defense counsel to familiarize themselves with this complex case, review the extensive discovery, confer with their client and defense experts, and prepare for trial. As such, the parties believe that holding a trial within 70 days would deny counsel for the Defendant and the attorneys for the government the reasonable time necessary for effective preparation.

13.     Counsel for the Defendant have advised that they consent to this motion and proposed order.

WHEREFORE, the parties respectfully request that this Court enter an order excluding from speedy trial calculations the entire period from **May 7, 2026, through and including June 18, 2026**.  The parties also respectfully request that the court convene a scheduling conference at the Court's convenience.  A proposed order is attached for the Court's consideration.

4

Respectfully submitted,

Kelly O. Hayes
United States Attorney

_____/s/_____

Christina A. Hoffman
Joseph R. Baldwin
Assistant United States Attorneys

Nicholas Hunter
Trial Attorney, National Security Division


FILED VIA ECF-MD